MARSHALL & MEIER CO., INC. *vs.* CLARA GAUDREAU.

MARCH 16, 1964.

PRESENT: Condon, C. J., Roberts, Powers and Joslin, JJ.

CONDON, C. J. This is an employer's petition to review a preliminary agreement for workmen's compensation. The cause is here on the employee's appeal from a decree of the full commission affirming a decree of the trial commissioner. It suspended compensation but ordered the employer to pay the cost of not more than six weeks' treatment of the employee by means of physiotherapy and occupational therapy at the curative center.

The preliminary agreement was entered into on July 12, 1961. It was stated therein that respondent became incapacitated on June 28, 1961 as a result of an injury to her right index finger. During her work pieces of steel became imbedded in her finger, causing a felon or abscess which later infected the bone and necessitated surgery. On March 29, 1962 Dr. Richard R. Dyer amputated the finger and at first the amputation appeared to have produced a favorable result but sometime later it became evident that further surgery was necessary. A second operation was performed in which the metacarpal bone was amputated further back resulting in the loss of the entire index finger.

The respondent has not worked since the entry of the agreement and she has not tried to do any type of work. After the second operation she continued to experience pain in the stub of her finger and also her thumb. Doctor Dyer testified that he felt there had been continued improvement and that in the near future she should be able to return to some type of employment. He did not specify what type, and in answer to a question by the commissioner whether she would be able to do her regular work as a press operator at this time he replied, "Not at this time. No, sir."

Doctor Richard P. Sexton was appointed to make an impartial examination of respondent and report his findings to the commission. He made such examination on April 4, 1963 and reported that he found respondent's entire index finger was missing, that she appeared to have attained maximum improvement from the surgery, and that while she still complained of aches at the stub he did not feel further surgery was indicated. He also reported that he was unable to explain why she should be still experiencing pain since he felt sure that the digital nerves must have been adequately treated. He thought she should be able to work with her thumb and three remaining digits. Nowhere in his report did he specify the type of work she could do, nor is there any statement therein from which it could be reasonably inferred that he meant she could do her regular work as a press operator.

We have read the transcript and in our opinion it is bereft of any evidence that respondent's incapacity has ended. Except for a reference to Dr. Sexton's report that respondent was able to work, the trial commissioner does not indicate in his decision what convinced him that respondent was no longer either totally or partially incapacitated. The doctor's report furnished a reasonable basis for an inference that she should be able to do some kind of work notwithstanding the limitation imposed by the loss of her index finger, but not for an inference that her incapacity has ended.

What we are saying is that, in our opinion, there is no evidence in the record from which a reasonable inference could be drawn to support the finding of the commission that respondent is no longer incapacitated either in whole or in part as a result of her injury. In a workmen's compensation case it is the exclusive province of the commission to draw inferences from the evidence but they must be reasonable. *Cruso* v. *Yellow Cab Co.,* 82 R. I. 158. The

442

drawing of inferences is fact finding. *Barker* v. *Narragansett Racing Ass'n, Inc.,* 65 R. I. 489. Whether there is evidence from which an inference may reasonably be drawn is a question of law. *Chisholm* v. *S. S. Kresge Co.,* 55 R. I. 422.

At best it seems to us that the evidence submits to no more than the inference that respondent is no longer totally but is partially incapacitated, and that after six weeks of physiotherapy and occupational therapy her compensation should be reduced from total to maximum partial as provided by the first proviso of G. L. 1956, §28-33-18. Thereafter she should co-operate by attempting to do such work as she may be able to perform. If after a bona fide attempt it develops that because of her injury she is an "odd lot in the labor market" and thus unable to obtain suitable employment, and further that the petitioner is unwilling or neglects to offer her such employment, she may petition for review to the end that she be awarded compensation pursuant to the second proviso of §28-33-18.

The respondent's appeal is sustained, the decree appealed from is reversed in part as above indicated, and the cause is remanded to the workmen's compensation commission for the entry of a new decree in accordance with this opinion.

*Charles H. Anderson,* for petitioner.

*Paul E. Kelley,* for respondent.